UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In Re:

   NICHOLAS P. MOUSTAKAS and                                     *Memorandum and Order*
   DAWN D. MOUSTAKAS,

                Debtors                                     05 Cv. 2366 (CLB)

-----------------------------------------------------------x         [Chapter 7 Case No. 04-3620 (CGM)]
TRACY CAMPAGNA,                                     [Adv. Pro. No. 04-09091 (CGM)]

              Plaintiff-Appellant,

   - against -

NICHOLAS P. MOUSTAKAS and
DAWN D. MOUSTAKAS,

              Debtors-Appellees.
-----------------------------------------------------------
Brieant, J.

     Ms. Tracy Campagna appeals, *pro se*, from the February 22, 2005 Memorandum Decision and Order of the Hon. Cecelia G. Morris, U.S.B.J., granting the Debtors' motion for summary judgment. The Plaintiff-Appellant's notice of appeal was filed with this Court on February 25, 2005.

     The Bankruptcy Court found that from August 2001 until July 2002, in separate loans, Appellant lent Debtors $82,877.00 to pay various bills, including back income tax, mortgage payments, and automobile and funeral expenses. In or about August 2001, the debtor Nicholas P. Moustakas promised the Appellant that he would repay her from his business's profits and the refinancing of his home, and although Appellees made some payments on account

he remained indebted to Ms. Campagna in a substantial amount.

The Debtors filed for Chapter 7 bankruptcy protection on May 14, 2004. The Appellant was listed on Schedule F as the largest unsecured creditor, with 80% of the unsecured debt. On August 23, 2004, the Appellant filed a Complaint in the Bankruptcy Court, asserting that her loans to Debtor should be declared non-dischargeable under § 523(a)(2)(A) and (a)(6) of the Bankruptcy Code, because Appellee had made fraudulent promises to repay the loan and had never intended to fulfill these promises. The Debtors moved for summary judgment, which was granted. This Court has subject matter jurisdiction over this appeal under 28 U.S.C. § 158.

A district court reviews findings of fact in a Bankruptcy proceeding for clear error, and conclusions of law *de novo*. In her Memorandum Decision, Judge Morris granted summary judgment and dismissed Appellant's claim under § 523(a)(2)(A) of the Code because fraudulent intent was not proved and the Appellant did not rely reasonably upon any allegedly fraudulent statement. She dismissed Appellant's claim under § 523(a)(6) because the facts as alleged would not support a finding of willful and malicious conduct.

Fed. R. Bankr. P. 7056 makes Fed. R. Civ. P. 56 applicable to a Bankruptcy proceeding. Fed. R. Civ. P. 56(c) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In evaluating the record to determine whether there is a genuine issue

as to any material fact, the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor.

Section 523(a)(2)(A) provides that a debt "for money. . .or an extension, renewal, or refinancing of credit, to the extent obtained by. . .false pretenses, a false representation, or actual fraud, other than a statement respecting a debtor's or an insider's financial condition" is not dischargeable. This rule is derived from common law fraud and requires the Appellant to prove, among other things, that (1) the misrepresentation of fact was made knowingly or with reckless disregard for the truth; and (2) with intent to deceive; and (3) the creditor actually and justifiably relied upon the statement to his or her detriment.

The basis of Appellant's claim of fraud is that Debtor promised to repay the loan after he had refinanced his home. This representation occurred "on or about January 2002." No fraudulent misrepresentation is alleged to have occurred prior to this date. As the Bankruptcy Court found, and as Appellant again states, $76,077 was lent prior to January 2002. Appellant therefore cannot prove detrimental reliance as a matter of law for the initial lending of all except $6,800 of the amount claimed.

Appellant argues that her claim is also based upon forbearance due to Debtors' promises to repay when they refinanced their home in the future. Here again there is no showing of justifiable reliance. Appellant concedes that at the time the Debtor borrowed the money, he had bad credit and owed taxes. She either knew or should have known that the Debtor lacked the

financial ability to repay the Appellant. The Appellant had been a long-time friend of the Debtor. She knew what his financial condition truly was. She knew what the loans were being made for. It is inconsistent, to say the least, to argue she justifiably relied upon the Debtors' promise to repay, and at the same time argue the Debtor should have known that he would not be able to do so. No reason exists for the Court to believe that the Appellant could justifiably rely upon the Debtor's assurance of repayment, but at the same time believe that the Debtor had no intention of repaying because of his poor financial condition. Debtors' promise to repay when he refinanced his home was no more than a statement of future intent, not usually actionable as fraud within the statute.

In addition to justifiable reliance not present in this case, Appellant is required to prove that the Debtors acted with fraudulent intent at the time that they made this statement. No such evidence appears in the record. Fraud must be inferred, it cannot be presumed. If, as in this case,
the Debtor attempts to repay the debt, this attempted repayment will rebut the inference of prior intent and be indicative of a lack of intent to defraud. The Appellee attempted clearly to repay this debt. He repaid a portion of this debt, more than $17,000. This evidence demonstrates that Appellee attempted to repay his debt, and carries his burden under Fed.R.Civ.P. 56(c).

Appellant argues that it was improper for the Court to determine issues of intent on a motion for summary judgment. While she offers evidence that the Debtor ultimately refinanced his home, and did not satisfy the loan, this is not evidence that he acted fraudulently at the time

that he promised to repay. When this evidence is consideredmbined with Debtor's attempts to satisfy their financial obligations by payments on account, Appellant has failed to raise a genuine issue of disputed fact as to the Debtor's intent at the time he made his allegedly fraudulent statements. Accordingly, the Bankruptcy Court's grant of summary judgment on Appellant's first claim was proper.

Appellant's second claim was brought under § 523(a)(6), which provides for instances where the fraudulent misrepresentation was also performed maliciously. "Malicious" in this context means "done with the actual intent to cause injury." *Kawaahau v. Geiger*, 523 U.S. 57, 57-58 (1998). It excludes merely negligent or reckless behavior. Appellant cites *In Re Stelluti*, 94 F.3d 84, 87 (2nd Cir. 1996) and argues that malicious means "wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will." *Kawaahau* was decided by the Supreme Court after our Court of Appeals considered *Stelluti*, and the Supreme Court's subsequent interpretation of a statutory term controls this Court's analysis.

In light of the fact that the Bankruptcy Court determined properly that the conduct complained of did not amount to fraud, it follows logically that the same actions cannot amount to malicious conduct under the standard established in *Kawaahau*. Appellee's statements at most disclose an intent to refinance in the future, and an intent to repay Appellant at that point. The long-standing friendship between the parties actually belies Appellant's assertion that the Debtor intended to injure her when he incurred the debt and the Appellant has not offered evidence supporting an actual intent at that time to cause such injury. Accordingly, the

Bankruptcy Court properly granted summary judgment as to Appellant's second claim.

The Bankruptcy Court did not abuse its discretion in granting summary judgment and the Order appealed from is affirmed. While the record shows that Ms. Campagna was ill used by persons she believed to be her friends, there is no remedy available to her in the present context of this case.

X

X

X

X

X

X

X

SO ORDERED.

Dated: White Plains, New York
       May 19, 2005

                                             _____
                                             Charles L. Brieant, U.S.D.J.

SO ORDERED.

Dated: White Plains, New York
       May 19, 2005

                                                            */s/ Charles L. Brieant*
                                                          Charles L. Brieant, U.S.D.J.